IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT KING                                                                                    PETITIONER

v.                              NO. 5:11CV00161 JMM/HDY

RAY HOBBS, Director of the                                                          RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge James M. Moody. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, Arkansas 72201-3325

RECOMMENDATION

STATE COURT PROCEEDINGS. In May of 2008, a Pulaski County, Arkansas, Circuit Court jury convicted petitioner Robert King ("King") of "aggravated assault, aggravated robbery, two counts of theft of property, theft by receiving, and fleeing." See King v. State, 2009 WL 3028999 at 1 (Ark.App. 2009).[1] He was sentenced to a total of sixty-five years in the custody of respondent Ray Hobbs ("Hobbs").

King appealed but only challenged "the aggravated assault conviction, arguing that the State failed to introduce substantial evidence that he displayed a firearm in such a manner that created a substantial danger of death or serious physical injury to another person." See King v. State, 2009 WL 3028999 at 1. The Arkansas Court of Appeals found no reversible error and affirmed; it issued a mandate in October of 2009.[2]

---

[1] The State of Arkansas alleged, and the jury found, that King committed seven criminal offenses in robbing a Pizza Hut on January 13, 2007.

[2] The state Court of Appeals specifically found the following:

"King claims that the State failed to prove that he shot the firearm at ... Conrad. He admits to discharging the firearm near ... Conrad, but asserts that ... Conrad was not in danger of suffering serious physical injury as a result of his discharge of the firearm. ...

"... The State ... contend[s] that by firing his gun at the Pepsi machine in the course of robbing the Pizza Hut, King created a substantial danger of death or serious physical injury to ... Conrad. ... We agree. Further, by shooting his gun in the direction of ... Conrad, threatening the occupants of the Pizza Hut, and making demands of them, all the while brandishing the pistol fired moments before, King created a substantial risk that Conrad would be seriously injured or killed, either at King's hand or by eliciting a violent response. ..."

See King v. State, 2009 WL 3028999 at 1.

In November of 2009, King filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.[3] The state trial court judge found no reason for granting the petition and denied it in April of 2010. See Document 15, Exhibit E. King did not appeal the denial of his petition to the Arkansas appellate courts.

In March of 2011, King filed a state trial court petition for writ of habeas corpus. Hobbs represents that the petition contains the same claims King raised in the aforementioned state trial court petition for post-conviction relief. Hobbs additionally represents, and King does not deny, that the petition "remains pending." See Document 15 at 3.

FEDERAL COURT PROCEEDINGS. In June of 2011, King commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advances the following claims:

1) his trial attorney was ineffective for waiving a competency hearing, thereby preventing the psychologist who performed King's mental evaluation from being cross-examined, and for failing to seek the appointment of a different psychologist;

---

[3] In the petition, King appeared to advance the following claims: 1) his trial attorney was ineffective because counsel failed to subpoena Shelanna Goodrum to testify even though King had asked counsel to subpoena her; 2) King's right to a speedy trial was violated when he was not tried within the time required by Arkansas law; 3) he was denied his right to due process when his appellate attorney only appealed the aggravated assault conviction; 4) King's trial attorney was ineffective because counsel did not cross-examine all of the State's witnesses, one of whom was the victim; 5) King's privilege against self-incrimination was violated, and the state trial court judge erred in not suppressing his statements; and 6) King was not mentally competent at the time of the commission of the offenses nor at the time of trial, and his attorney was ineffective for failing to request a second evaluation of King's competency.

2) King's trial attorney was ineffective for failing to cross-examine all of the State's witnesses, for failing to subpoena Shelanna Goodrum and Bryan Roper, and for failing to challenge on appeal King's statements to the police;

3) the state trial court committed error when it permitted a firearm to be introduced into evidence, and King's appellate attorney was ineffective for only appealing his aggravated assault conviction; and

4) the state trial court erred in denying King's motion for directed verdict on the aggravated assault charge and in finding him competent to stand trial.

Hobbs filed a response to the petition. In the response, he maintained that King's petition should be dismissed because it is time-barred, the claims contained in it are procedurally barred from federal court review, and alternatively, the claims contained in it are without merit.

King thereafter filed a reply to Hobbs' response. In that submission, King maintained that his petition was timely. He alternatively maintained that any delay or procedural error on his part was due to his mental defect and any delay or procedural error should be excused for that reason.[4]

The undersigned has now reviewed the parties' pleadings and exhibits. On the basis of that review, the undersigned makes the following findings and recommendation.

---

[4] In support of that assertion, King maintained that he has a mental defect that affects his "thinking, learning, reading, and writing ability …" See Document 21 at 2. He represented that he was diagnosed with attention deficit disorder, received social security benefits, and was "sent to a mental home for youths … in 1994." See Document 21 at 3.

EXHAUSTION. King filed a state trial court petition for writ of habeas corpus in March of 2011. The undersigned agrees with Hobbs that the petition contains claims King raised in his state trial court petition for post-conviction relief. King does not deny that his state trial court petition for writ of habeas corpus remains pending. Hobbs nevertheless maintains that "King has no unexhausted, non-futile state remedies available to him." See Document 15 at 2-3. In a footnote accompanying that assertion, Hobbs offers the following explanation:

> While King has a state habeas petition pending in Pulaski County Circuit Court, any relief is futile because ... the petition is filed in the wrong court, and, in any event, the ineffective-counsel claims raised in the petition are not cognizable in a state habeas corpus proceeding. See, e.g., Meny v. Norris, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000) (the writ will issue only if the commitment was invalid on its face or the committing court lacked jurisdiction; not as a substitute for post-conviction relief.

See Document 15 at 3 n.1. The undersigned is satisfied that none of the claims in King's state trial court petition for writ of habeas corpus challenge the judgment and commitment order or the jurisdiction of the state trial court. Because it is not possible for King to obtain the relief he seeks in his pending state trial court petition for writ of habeas corpus, he is deemed to have exhausted his available state remedies.

PROCEDURAL BAR. Hobbs first maintains that King's petition is time-barred. Rather than engage in the analysis required of such an assertion, the undersigned simply by-passes it and addresses the assertion that King's claims are procedurally barred from federal court review.

In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's claim if he procedurally defaulted in litigating the claim in state court, that is, if he was aware of the claim but failed to present it to the state courts in accordance with the procedural rules established by the state. The foregoing rule includes the requirement that a petitioner must prosecute an appeal of any adverse ruling to the state appellate courts. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998). The exception to this rule permits the claim to be considered if he can show cause for his procedural default.

Although King advances several claims in the petition at bar, he only presented one of the claims to the state courts of Arkansas in accordance with its procedural rules, that being, a challenge to the sufficiency of the evidence supporting his conviction of aggravated assault. Assuming, arguendo, that he obtained a trial court ruling on all of his other claims, it is clear he never appealed any ruling on those claims to the state appellate courts. Thus, save his challenge to the sufficiency of the evidence supporting his conviction of aggravated assault, he has procedurally defaulted in litigating the claims at bar. The only question is whether he can show cause for his default.[5]

---

[5]

The United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986). One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488. There is also one extraordinary circumstance where a showing of cause is not required: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Id. at 496.

As cause for King's procedural default, he initially maintains that an objective factor external to the defense impeded his efforts to comply with the procedural rules established by the State of Arkansas. He specifically maintains that the Pulaski County, Arkansas, Circuit Court Clerk ("Circuit Court Clerk") delayed in filing a state trial court petition for writ of habeas corpus King first submitted in February of 2011. The undersigned assumes, without deciding, that the Circuit Court Clerk indeed delayed in filing King's petition. That fact, though, in no way impeded his efforts to present his procedurally defaulted claims to the state courts of Arkansas. The record reflects that he presented his procedurally defaulted claims in an earlier state trial court proceeding, that being, in his state trial court petition for post-conviction. He obtained a ruling on the procedurally defaulted claims but failed to appeal the adverse ruling on those claims to the state appellate courts. Consequently, his assertion cannot serve as cause for his procedural default.

King next maintains that his trial and appellate attorneys provided ineffective representation, thereby preventing him from presenting the procedurally defaulted claims. Although ineffective assistance of counsel can serve as cause for a procedural default, the claim must first be presented to the state courts as an independent claim. See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987). The record reflects that King never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas. Consequently, his assertion of ineffective assistance of counsel cannot serve as cause for his procedural default.

King also maintains that he is actually innocent of the offenses he was convicted of committing. Although not true cause for a procedural default, a showing of actual innocence can serve as a gateway through which a petitioner can obtain federal court review of an otherwise procedurally barred claim. See Schlup v. Delo, 513 U.S. 298 (1995). A showing of actual innocence requires "new evidence of factual innocence." See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring). King has failed to make the required showing as he has not come forward with that type of evidence.[6] Consequently, he cannot use the Schlup v. Delo gateway to obtain federal court review of his procedurally defaulted claims.

King last maintains that he suffers from a mental defect. Liberally construing his submissions, he identifies the defect as mental retardation and/or attention deficit disorder. A petitioner is competent to waive his post-conviction remedies if "he is not suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation." See Anderson v. White, 32 F.3d 320, 321 (8th Cir. 1994). For at least two reasons, King has failed to make the required showing.

---

[6] Bryan Roper ("Roper"), a Pizza Hut employee, was in the restaurant on the night it was robbed. King alleges that Roper gave a statement to the police in which he represented King looked "lighter skinned [than] the guy in the robbery." See Document 3 at 7. Alternatively, King maintains that his girlfriend, Shelanna Goodrum, was prepared to testify that the robbery was actually an "inside job" involving a Pizza Hut employee and King only had a limited role in the robbery. See Document 3 at 17-18. Those facts, even if true and new, would not exonerate him as unrebutted evidence of his guilt supports the jury verdict. The manager of the Pizza Hut identified King as the sole perpetrator of the robbery, testified that he possessed a firearm and fired at least one round into a Pepsi machine, and led the manager to believe he would be killed. See Document 15, Exhibit G at 275, 287-288.

First, there is insufficient evidence that King actually suffers from a mental defect. With regard to his mental retardation, the record does contain a 1994 finding that his IQ is in the "mild to moderate range of mental retardation." <u>See</u> Document 3, Exhibit A at 2. A more recent mental evaluation, though, specifically discounts any such defect. <u>See</u> Document 16, Exhibit G at 22-27. With regard to his attention deficit disorder, there is little evidence to support it.

Second, even assuming King suffers from a mental defect, there is insufficient evidence that it substantially affected his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation. His mental defect did not prevent him from filing a timely state trial court petition for post-conviction relief and advancing a number of claims in it. King simply failed to appeal the denial of that petition. Moreover, his mental defect did not prevent him from filing a state trial court petition for writ of habeas corpus, and he even followed the corrective steps he was required to take in order to file the petition. <u>See</u> Document 21.

The undersigned finds that, save King's challenge to the sufficiency of the evidence supporting his conviction of aggravated assault, he has procedurally defaulted in litigating the claims at bar. He never pursued them to a final resolution in the state courts of Arkansas. He cannot show cause for his procedural default and is otherwise unable to offer an explanation for why the procedurally defaulted claims should now be considered. Thus, except for the aforementioned one claim, his claims are procedurally barred from federal court review.

SUFFICIENCY OF THE EVIDENCE. King maintains that the evidence is insufficient to support his conviction of aggravated assault. He specifically maintains that substantial evidence was not introduced to show he displayed a firearm in such a manner that it created a substantial danger of death or serious physical injury to another person.

King raised an identical claim on direct appeal, and the state Court of Appeals considered the claim on the merits. The appellate court found that he created a substantial risk of death or serious physical injury to those in the Pizza Hut when he discharged his firearm into a Pepsi machine and in the direction of employee and when he threatened and otherwise made demands upon the occupants of the restaurant while brandishing the firearm.

The disposition of this claim is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

The state Court of Appeal's adjudication of the claim did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. Although the appellate court did not cite federal law, that failure is not problematic as neither the court's reasoning nor result contradict federal law. See Cox v. Burger, 398 F.3d 1025 (8th Cir. 2005). What is the federal law? It is whether, "after viewing the

evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) [emphasis in original]. The appellate court's decision is a reasonable application of <u>Jackson v. Virginia</u> as it used a substantially similar standard in reviewing King's claim.[7]

King has also not shown that the adjudication of the claim by the state Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The undersigned has reviewed the transcript and is satisfied that the evidence of his guilt is substantial. The manager of the Pizza Hut identified King as the sole perpetrator of the robbery, testified that he possessed a firearm and fired at least one round into a Pepsi machine, and led the manager to believe he would be killed. <u>See</u> Document 16, Exhibit G at 275, 287-288.

---

[7]

In addressing King's claim, the state Court of Appeals applied the following standard:

> We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. <u>Strong v. State</u>, 372 Ark. 404, 277 S.W.3d 159 (2008). We have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. <u>Id</u>. We affirm a conviction if substantial evidence exists to support it. <u>Id</u>. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. <u>Id</u>. Furthermore, circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. <u>Id</u>. Whether the evidence excludes every other hypothesis is left to the jury to decide. <u>Id</u>. The credibility of witnesses is an issue for the jury and not the court. <u>Id</u>. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. <u>Id</u>.

See <u>King v. State</u>, 2009 WL 3028999 at 1.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of King's challenge to the sufficiency of the evidence. The paragraph compels the conclusion that the claim warrants no relief as the state Court of Appeals made a reasonable adjudication of it.

RECOMMENDATION. The undersigned finds that, save King's challenge to the sufficiency of the evidence supporting his conviction of aggravated assault, all of his claims are procedurally barred from federal court review. With regard to his challenge to the sufficiency of the evidence supporting his conviction of aggravated assault, the state Court of Appeals' adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. The appellate court's adjudication of the claim also did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the undersigned recommends that King's petition be denied. All requested relief should be denied, and judgment should be entered for Hobbs.

DATED this ___6___ day of October, 2011.

UNITED STATES MAGISTRATE JUDGE